DECISION AND JUDGMENT ENTRY
{¶ 1} Heath Mustard appeals the judgment of the Pike County Court of Common Pleas that convicted him of felonious assault and domestic violence. First, he contends that the court violated his statutory right to a speedy trial when it allowed his trial counsel to withdraw just prior to trial and then continued the matter so that appellant could acquire new counsel. Second, appellant argues that the trial court erred by sentencing him to the maximum prison term without complying with appropriate statutory procedures.
 {¶ 2} Because the continuance to afford appellant the opportunity to acquire new counsel was reasonable, and because appellant agreed that he wanted to have counsel represent him at trial, no violation of his statutory speedy trial rights occurred. Moreover, the trial court's sentencing entry and its subsequent nunc pro tunc entry adequately show that the trial court followed the appropriate sentencing guidelines. Therefore, we affirm the court's judgment.
 {¶ 3} In July of 2003, the Pike County Grand Jury returned an indictment charging appellant with felonious assault and two counts of domestic violence. On August 18, 2003, the court set the matter for trial beginning on Monday, August 25, 2003. On August 22, 2003, defense counsel filed a motion to withdraw. In it, she asserted that she had "just received" the notice setting the matter for an August 25 jury trial, and that she had already been scheduled to be out of town.
 {¶ 4} At an August 22, 2003 hearing regarding counsel's motion to withdraw, the following colloquy occurred: "By the Court: * * * [W]e have you set for a jury trial on Monday. You are without counsel at this point. Are you representing yourself or are you requesting a continuance and another attorney? [Appellant]: Well if I'd represent myself I'd have a fool for a lawyer. Uh, yeah, I need counsel. By the court: Okay. Are you requesting that your case be continued? [Appellant]: No, I don't want my case continued. By the Court: Well then we have to have a jury come in on Monday and you'll have to have a trial. [Appellant]: Huh. Yeah, continue it."
 {¶ 5} On August 26, 2003, the court, by written entry, permitted defense counsel to withdraw. On that same date, the court appointed new counsel.
 {¶ 6} On August 27, 2003, the court re-set the trial for September 15, 2003. In that entry, the court noted that: (1) it held a hearing on August 22, 2003; (2) it permitted defense counsel to withdraw on August 21, 2003; (3) appellant first refused to consent to a continuance of his jury trial; and (4) appellant did not wish to go to trial without an attorney and thus agreed to continue the trial.
 {¶ 7} After a trial on the September date, the jury found appellant guilty of one count of domestic violence and one count felonious assault.[1] The court sentenced appellant to concurrent terms of imprisonment of eight years for the felonious assault offense and one year for the domestic violence offense. At the sentencing hearing, the court found that appellant "has failed to overcome presumption of imprisonment, under 2929.13(D), that he has previously served 2 prior sentences in prison." On December 10, 2003, the court filed a nunc pro tunc entry in which it also found that appellant poses the greatest likelihood of committing future crimes, based on his criminal record which included two prior prison sentences for domestic violence related felonies.
 {¶ 8} Appellant timely appealed the trial court's judgment and assigns the following errors: "First Assignment of Error: The trial court erred when it denied the appellant-defendant's motion to dismiss based on a violation of Ohio Rev. Code Sections2945.71 and 2945.72 (failure to comply with speedy trial statutes). Second Assignment of Error: The trial court erred when it sentenced the appellant-defendant to the maximum allowable prison terms under the sentencing guidelines because such a sentence was not supported by the record and because the court failed to make the requisite findings required by Ohio Rev. Code Section 2929.14(C).
 I {¶ 9} In his first assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss on speedy trial grounds. He contends that the court "forced [him] to choose between having counsel represent him or to go forward with a jury trial without counsel." Appellant further argues that the court should not have allowed his trial counsel to withdraw so close to the trial date. He claims that by allowing counsel to withdraw, the trial court exhibited a lack of diligence in providing him with counsel.
 {¶ 10} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v.Brown (1998), 131 Ohio App.3d 387, 391, 722 N.E.2d 594; Statev. Kuhn (June 10, 1998), Ross App. No. 97CA2307. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently determine whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook
(1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.
 {¶ 11} R.C. 2945.71 embodies the statutory right to a speedy trial and states in part, "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). The state must bring a person arrested and charged with a felony to trial within two hundred seventy days. R.C. 2945.71(C)(2). But if the accused remains in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days. R.C. 2945.71(E). This is known as the triple-count provision. If the defendant is not brought to trial within the statutory timeframe, he "shall be discharged." R.C. 2945.73(B). "`The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.'" State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040,781 N.E.2d 159, at ¶ 24 (quoting State v. Ladd (1978),56 Ohio St.2d 197, 200, 383 N.E.2d 579).
 {¶ 12} Here, neither the state nor appellant apparently disputes that the state failed to try appellant within ninety days, as he remained in jail in lieu of bail. Thus, appellant has presented a prima facie case for discharge. State v. Butcher
(1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. Therefore, the state must show that the R.C. 2945.71 limitations have not expired, either by demonstrating that R.C. 2945.72 extended the time limit or by establishing that appellant is not entitled to use the triple-count provision in R.C. 2945.71(E). Butcher,27 Ohio St.3d at 31; see, also, Brecksville,75 Ohio St.3d at 55-56 ("`[T]he prescribed times for trial set forth in R.C.2945.71 are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions.'" (quoting State v. Wentworth (1978),54 Ohio St.2d 171, 173, 375 N.E.2d 424).
 {¶ 13} R.C. 2945.72 sets forth the circumstances under which the speedy trial timeframe may be extended and states: "* * * (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law; * * * (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 14} In this case, the state has met its burden of showing that either R.C. 2945.72(C) or (H) extended the statutory timeframe. Appellant stated that he did not wish to proceed to trial without counsel, but he also did not want his case continued. Thus, when the court advised appellant that his options were either to proceed to trial without counsel or to allow the case to be continued so that new counsel could adequately prepare a defense, appellant agreed that a continuance would be acceptable. Contrary to appellant's argument, there is nothing wrong with a court requiring a defendant to choose between his right to counsel and his right to a speedy trial. Cf.State v. Williams, 99 Ohio St.3d 439, 2003-Ohio-4164,793 N.E.2d 446 ("We find that the trial court acted within its discretion in requiring [the defendant] to choose between retaining his counsel and having his case delayed."). See, also,State v. Broomfield (Sept. 4, 2001), Franklin App. No. 00AP-1420 (stating that "a defendant's right to be brought to trial within the limits of R.C. 2945.71 may be waived by * * * continuances arising from conflicts in defense counsel's schedule"); State v. Jennings (Aug. 31, 2001), Pike App. No. 00CA654 (finding that speedy trial time tolled when defense counsel had obligations in another court, thus necessitating a continuance); State v. Kroesen (Nov. 16, 2000), Franklin App. No. 00AP 45 (noting that time may be waived by conflicts in defense counsel's schedule); State v. Eager (May 2, 1996), Franklin App. No. 95APA09-1165 (also noting that time may be waived by conflicts in defense counsel's schedule); State v.Turner (Mar. 24, 1992), Montgomery App. No. 12659 (holding that time was tolled when continuance was granted as a result of an attorney's withdrawal).
 {¶ 15} Moreover, it is well-settled that a trial counsel's withdrawal motion is committed to the sound discretion of the trial court. State v. Miller, Ross App. No. 01CA2607, 2001-Ohio-2635, citing State v. Cowans (1999),87 Ohio St.3d 68,73, 717 N.E.2d 298. Thus, an appellate court will not reverse the trial court's decision absent an abuse of that discretion.State v. Murphy (2001), 91 Ohio St.3d 516, 523, 747 N.E.2d 765. The term "abuse of discretion" implies that the court's decision was "unreasonable, arbitrary, or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When applying the abuse of discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. See In re Jane Doe I (1991), 57 Ohio St.3d 135,566 N.E.2d 1181.
 {¶ 16} Thus, to the extent appellant asserts that the trial court should not have allowed counsel to withdraw, we find the argument meritless. Furthermore, we are unwilling to state that a trial court lacks diligence in providing an accused with counsel, as R.C. 2945.72(C) contemplates, when it allows counsel to withdraw due to a scheduling conflict. A trial court's decision to allow counsel to withdraw and its subsequent continuance of the trial date do not exhibit an "indolence within the judicial system." Instead, it is a fact of life that attorneys' schedules sometimes conflict with trial dates, thus necessitating a continuance.
 {¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 18} In his second assignment of error, appellant asserts that the trial court erred when it sentenced him to the maximum prison term without complying with proper statutory procedures. Specifically, he contends that the court failed to consider the R.C. 2929.12 seriousness and recidivism factors and that it failed to consider R.C. 2929.14(C) relating to maximum prison terms before imposing his sentence.
 {¶ 19} We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2); see, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. In this context we do not substitute our judgment for that of the trial court nor do we simply defer to its discretion.State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 20} A trial court imposing a felony sentence "must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 11, citing R.C. 2929.11(A). Thus, the court "`shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" Id., quoting R.C.2929.11(A).
 {¶ 21} R.C. 2929.11(B) requires the court to impose a felony sentence that is "reasonably calculated to achieve the purposes of felony sentencing, `commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'" Id., quoting R.C. 2929.11(B). To determine how to accomplish the purposes of felony sentencing, the court must consider the factors set forth in R.C. 2929.12(B) and (C). Id.
 {¶ 22} R.C. 2929.12(A) provides a trial court with some discretion in determining "the most effective way to comply with the purposes and principles of sentencing set forth in section2929.11 of the Revised Code." R.C. 2929.12(A) requires the court to consider specific factors "relating to the seriousness of the conduct," as set forth in R.C. 2929.12(B) and (C), and "relating to the likelihood of the offender's recidivism," as set forth in R.C. 2929.12(D) and (E).[2] In addition to the factors specifically enumerated, R.C. 2929.12(B) through (E) allow the trial court to consider any other relevant factors.
 {¶ 23} While the trial court must consider the R.C. 2929.12
factors, R.C. 2929.12(A) does not require specific findings as to each particular factor. Statev. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57; see, also, State v. Quinn (1999),134 Ohio App.3d 459. Instead, "`[i]t will be sufficient that the record support an inference that the court has examined the factors.'" State v. Cody (Oct. 30, 2001), Washington App. No. 00CA56 (quoting Griffin Katz, Ohio Felony Sentencing Law (1999), at 287); see, also, State v. Fisher, Lake App. No. 2002-L-20, 2003-Ohio-3499, at ¶ 11 (stating that "the findings mandated by R.C. 2929.12 * * * must appear in the judgment, the transcript of the sentencing hearing, or somewhere on the record in the sentencing exercise").
 {¶ 24} Here, although the trial court did not make we specific findings regarding each R.C. 2929.12 factor, the court did mention the statute and state that it considered the factors before imposing appellant's sentence. Therefore, because the record supports an inference that the court examined the factors, appellant's argument that the court failed to comply with R.C.2929.12 is meritless.
 {¶ 25} Appellant additionally asserts that the court's sentence is contrary to law because the court failed to comply with R.C. 2929.14(C), which prohibits a trial court from imposing the maximum term of imprisonment for an offense unless it determines that the offender falls into one of four classifications. See State v. Garrie, Washington App. No. 01CA21, 2002-Ohio-5788; State v. Riggs (Sept. 13, 1999), Washington App. No. 98CA39; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. See R.C. 2929.14(C). R.C. 2929.14(C) establishes the public policy disfavoring maximum sentences except for the most deserving offenders. Statev. Edmonson (1999),86 Ohio St.3d 324, 328, 715 N.E.2d 131.
 {¶ 26} In Edmonson, the Ohio Supreme Court determined that in order to lawfully impose the maximum term, the record must reflect that the trial court imposed the maximum sentence after having first found that the offender satisfied one of the criteria set forth in R.C. 2929.14(C). Furthermore, a court imposing a maximum sentence must "make a finding that gives its reasons for selecting the sentence imposed," R.C.2929.19(B)(2)(d), and must set forth its reasons. Edmonson,86 Ohio St.3d at 328.
 {¶ 27} In this case, the trial court's sentencing entry reflects that it considered R.C. 2929.14(C), made appropriate findings, and gave reasons for imposing the maximum sentence. Cf.State v. Evans, 102 Ohio St.3d 240, 2004-Ohio-2659,809 N.E.2d 11, at ¶ 16 (stating that "a maximum sentence is properly imposed if the record reveals a proper R.C. 2929.14(C) finding"). Here, the court stated: "The Court finds that the defendant has previously served a term in prison. The Court further finds that the Defendant poses the greatest likelihood of committing future crimes, and therefore imposes the maximum term for the offenses. The Court bases this on the Defendant's criminal record, which includes at least two (2) prior prison sentences for domestic violence-related felonies, which involved family or household members as the victims."
 {¶ 28} Accordingly, we overrule appellant's second assignment of error and affirm the court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion as to Assignment of Error I; Dissents as to Assignment of Error II.
Abele, J.: Concurs in Judgment and Opinion.
[1] One of the domestic violence counts seems to have mysteriously disappeared.
[2] Under R.C. 2929.12(B), the presence of the following factors requires the trial court to consider the offender's conduct more serious than conduct normally constituting the offense: "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim; (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense; (3) The offender held a public office or position of trust in the community, and the offense related to that office or position; (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others; (6) The offender's relationship with the victim facilitated the offense; (7) The offender committed the offense for hire or as a part of an organized criminal activity; (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."
R.C. 2929.12(C) directs the trial court to consider the following factors as indicating that the offender's conduct is less serious than conduct normally constituting the offense: "(1) The victim induced or facilitated the offense; (2) In committing the offense, the offender acted under strong provocation; (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property; (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
R.C. 2929.12(D) sets forth the factors that lead to a finding that the offender is likely to commit future crimes: "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section2967.16 or section 2929.141 of the Revised Code; (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions; (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions; (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse; (5) The offender shows no genuine remorse for the offense."
R.C. 2929.12(E) provides that the presence of the following factors indicates that the offender is not likely to commit future crimes: "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child; (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense; (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years; (4) The offense was committed under circumstances not likely to recur; (5) The offender shows genuine remorse for the offense."