[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. A jury found David Easley, the defendant below and the appellant herein, guilty of one count of assault in violation of R.C. 2902.13(A)(C)(2)(a).
 {¶ 2} The following error is assigned for review:
"The trial court committed error in denying mr. easley's speedy-trial motion."
 {¶ 3} Appellant is an inmate at the Southern Ohio Correctional Facility (SOCF). On May 13, 2001, he was involved in three separate fracases with prison guards. As a result of those incidents, the Scioto Grand Jury returned an indictment on June 25, 2001 charging him with three counts of assault.
 {¶ 4} Due to a course of events that will be discussed later in this opinion in greater detail, the matter did not come on for trial until January 27, 2003. At the conclusion of the trial, the jury found the appellant guilty of count one and acquitted him of the other two counts. The trial court sentenced the appellant to a twelve month period of incarceration to be served consecutively to the prison sentence he was serving at the time he committed the assaults.
 {¶ 5} However, on January 24, 2003, three days before trial, the appellant filed a motion to dismiss the case on grounds that he had not been tried within the R.C. 2945.71 "speedy trial" limits.[1] Six days later the trial court overruled his motion. The court noted that the appellant's case had been set for trial on three previous occasions, but those trial dates had to be vacated because of the appellant's own actions. Thus, the court found that no violation of his speedy trial rights occurred. This appeal followed.[2]
 {¶ 6} Appellant asserts in his sole assignment of error that the trial court erred in denying his motion to dismiss for violation of speedy trial rights. At the outset, we note that our review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. State v. Brown (1998),131 Ohio App.3d 387, 391, 722 N.E.2d 594; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307. We accord due deference to a trial court's findings of fact if supported by competent, credible evidence, but determine independently if the trial court correctly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook (1996), 75 Ohio St.3d 53,57, 661 N.E.2d 706; also see State v. Mustard, Pike App. No. 04CA724,2004-Ohio-4917 at ¶ 10.
 {¶ 7} R.C. 2945.71(C)(2) mandates that an accused be brought to trial "within two hundred seventy [270] days after the person's arrest." Although neither the trial court nor the parties have set out a precise time line for this case, it is problematic that the matter took more than a year and a half to come to trial. As we discuss, infra, no doubt exists that the appellant is responsible for a large portion of this delay. Also, we recognize that a turnover in the trial judge's position could have been a factor in the time lapse in this matter. Nevertheless, we again note that in our analysis we are required to strictly construe the speedy trial statute against the prosecution.
 {¶ 8} Because the appellant was imprisoned during these proceedings, and because it is unclear when he was "arrested" for purposes of R.C.2945.71(C)(2), we begin our calculations on his arraignment date, July 11, 2001. Between that date and August 14, 2001, thirty-four (34) days elapsed. The speedy trial time stopped on August 14th, however. Pursuant to the appellant's motion, the court ordered that appellant's competency be determined. See R.C. 2945.72(B).
 {¶ 9} The trial court found the appellant competent to stand trial on November 19, 2001 and the speedy-trial "time clock" started again. Several weeks later, the appellant's attorney withdrew from representation citing a potential "conflict of interest" because he had previously represented one of the victims in the case. The trial court appointed new counsel and set the matter for a January 22, 2002 trial. The speedy trial time continued to run until January 11, 2002, at which point another fifty-three (53) days elapsed.
 {¶ 10} On January 11, 2002, the trial court filed an entry that (1) permitted the appellant's second attorney to withdraw (again, on the basis of a "conflict"), (2) appointed a third attorney to represent the appellant, and (3) continued the January 22nd trial date pursuant to defense counsel's prior request.[3] Less than two weeks later, the appellant's third attorney sought leave to withdraw — this time, because her client could not "maintain a professional relationship" with her.[4]
The trial court appointed new counsel and set a new trial date. Almost immediately, counsel filed a motion to continue that trial date. The trial court set another trial date on February 25, 2002, but was apparently postponed when appellant's fourth defense counsel sought leave to withdraw.[5]
 {¶ 11} No further action was taken on the case until August of that year when the court appointed a fifth attorney to represent the appellant and set another trial date for November 18, 2002. When that date arrived, however, two of the prosecution's witnesses were unavailable and the trial had to be continued at the prosecution's request. The speedy trial clock also began to run again. A new trial date was set for January 27, 2003, at which time the trial was held and seventy-one (71) days had elapsed on the speedy trial time. A recapitulation of our time calculation is as follows:

 7-11-01 to 8-14-01 34 days
 8-15-01 to 11-19-01 Tolled for
 competency determination
 11-19-01 to 1-11-02 53 days
 1-12-02 to 2-24-02 Tolled for defense
 continuances/new trial date set for 2-25-02
 2-25-02 to 8-20-02 Six month delay
 after 4th attorney withdraws and before new attorney is
 appointed
 8-21-02 to 11-17-02 New trial date set:
 11-18-02
 11-18-02 to 1-27-03 71 days/defense
 continuance
 {¶ 12} By our calculation, at least 158 days must be charged against the 270 day time limit set out in R.C. 2945.71 (C)(2). The pivotal question in this case, however, is what to do with the remainder of that time. Clearly, some of it (like the defense continuances or the delay necessitated in determining competency to stand trial) must be charged to appellant rather than the speedy trial time clock. That said, approximately nine months (or another 270 days) of "dead time" exists between the scheduled February 25, 2002 trial and the trial subsequently set for November 18, 2002. Thus, the issue appears to be how do we account for that time?
 {¶ 13} These nine months are the main focus of appellant's argument on appeal. We note that the prosecution candidly concedes in its brief that "it would appear that the trial court forgot about the case" until such time as it appointed a fifth attorney to represent the appellant in August of that year. We agree that this time period is highly problematic. Some of that time can arguably be charged to the appellant because his fourth attorney was forced to withdraw only days before the February 25th trial date (because the appellant filed a disciplinary complaint against him) and this obviously required a continuance of the trial. However, the question involves a delay of nearly nine months.
 {¶ 14} R.C. 2945.72(C) provides that speedy trial time is tolled for "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel . . ." (Emphasis added.) Time is also tolled for any "reasonable continuance" granted other than on the accused's own motion. Id. at (H).[6] The pivotal questions are (1) whether there was a lack of diligence in providing appellant with new counsel and (2) whether a nine month continuance between the February 25th trial date and the November 18th trial date was "reasonable." For the following reasons, we are compelled to answer both questions in the negative.
 {¶ 15} To begin, we note that the judgment entry that denied the appellant's motion to dismiss did not explicitly address these questions. The court overruled the appellant's motion on grounds that three previous trial dates had been set and were subsequently continued for reasons attributable to appellant. Although this is partially true, (and as an aside we certainly sympathize with the trial court's task of repeatedly appointing counsel to represent this particular defendant and the concomitant difficulties created for proper case management) we find nothing in the statute or in case authority to excuse the State from complying with the speedy trial deadlines and providing an indefinite extension for those reasons. Carried to its logical conclusion, the court's reasoning would allow for trial dates to be postponed indefinitely once an accused has asked for three continuances. This result is neither statutorily permissible nor constitutionally allowable.
 {¶ 16} Another problem with this case is that the prosecution makes no plausible argument for the delay and we find no evidence
 {¶ 17} independently in the record to support a delay even if the argument was made. To the contrary, as we noted earlier the State candidly concedes that this case was, essentially, forgotten about for nine months. It is axiomatic that a defendant presents a prima facie case for discharge on speedy trial grounds by alleging that the time awaiting trial exceeded the R.C. 2945.71 limits. State v. Butcher (1986),27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368; also see State v. Reuschling
(1986), 30 Ohio App.3d 81, 82, 506 N.E.2d 558. Appellant made that showing here. The burden then shifts to the prosecution to show that the R.C. 2945.71 limitations have not been exceeded, which it must do by demonstrating that the time limit was extended pursuant to R.C. 2945.72.Butcher, supra at 31; State v. Webb, Washington App. No. 01CA32, 2002-Ohio-3552, at ¶ 18. The prosecution has not met that burden in this case.
 {¶ 18} The prosecution cites no evidence in the record, and we have found none in our own review, to establish that the delay in appointing new counsel was due other than to a lack of diligence or that the nine month continuance was reasonable. Our colleagues in the First District have held that speedy trial issues should be decided based on "what actually happened" and that, even when judgment entries are deficient in explanation, appellate courts can look to the record as a whole to determine if continuances tolled the speedy trial time. See State v.Stamps (1998), 127 Ohio App.3d 219, 226, 712 N.E.2d 762. Our examination in this case, however, reveals nothing in the record to excuse this delay under either 2945.72(C) or (H). With no explanation for the delay set forth in the judgment entry, and with no evidence in the record to substantiate that it should be attributed to appellant, we have no choice but to apply it against the speedy trial time limit.
 {¶ 19} Consequently, we conclude that the appellant's trial occurred after the 270 day limit expired and the case against him should have been dismissed. Accordingly, based upon the record set forth above, we hereby (1) sustain the appellant's assignment of error; (2) reverse the trial court's judgment and (3) order that the judgment of conviction and sentence be vacated and held for naught.
JUDGMENT REVERSED.
JUDGMENT ENTRY
It is ordered that the judgment of conviction and sentence be reversed and vacated, and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Although the docket shows this motion having been filed in the trial court, the clerk of courts did not include it in the original papers sent up to us on appeal. Given that no question exists that a motion was filed, and considering that the State does not object to any of the arguments raised in appellant's brief, we assume that the arguments he raises here on appeal are the same as he raised in the trial court.
[2] Appellant's first appeal in this case was dismissed as having been filed outside jurisdictional time limits. He later contacted the State Public Defender who filed a motion for delayed appeal pursuant to App.R. 5(A). We granted the appellant's motion on October 14, 2003.
[3] On December 28, 2001, prior to seeking leave to withdraw, defense counsel requested a continuance of the January 22nd trial date. Obviously, a continuance granted on an accused's own motion tolls the speedy trial time limits. See R.C. 2945.72(H).
[4] Attached to counsel's motion requesting leave to withdraw were letters, ostensibly sent to her by appellant, that expressed a desire for a romantic relationship.
[5] On January 30, 2002, the appellant filed a complaint against his attorney with the Columbus Bar Association which, in turn, forwarded the complaint to the Office of Disciplinary Counsel for review. Given these circumstances, counsel did not believe he could adequately represent appellant's interests. There is no entry in the record to specifically continue the February 25th 2002 trial date, but we presume that the trial was postponed because the appellant did not have counsel to represent him.
[6] Because it does not appear from the record that the appellant actually requested a continuance of the February 25, 2002, trial date, we treat that continuance as a continuance granted other than upon his own motion. That said, we nevertheless agree that a continuance was properly granted under those circumstances because counsel had withdrawn from the case and appellant could not reasonably be expected to proceed to trial himself, without representation.