DECISION AND JUDGMENT ENTRY
{¶ 1} Jeffrey A. Braun appeals his maximum felony sentence in the Washington County Common Pleas Court. On appeal, Braun contends that the trial court erred when it based its sentence on R.C. 2929.13(F)(5), which involves drug offenses. Because the record shows that the isolated reference in the sentencing entry to R.C. 2929.13(F)(5) was a clerical error, we disagree. Braun next contends that stealing a small amount of water, bananas, and ice cream does not warrant a maximum eighteen-month sentence. Because the burglary offense involved Braun entering a home by breaking a basement window, and because Braun has an extensive juvenile record, we disagree. Braun next contends that the trial court committed plain error and violated his Sixth Amendment right to a jury trial when it considered facts neither found by a jury nor *Page 2 
admitted by him. Because we have previously resolved these issues and found no error, let alone plain error, we disagree. Finally, Braun contends that his trial counsel was ineffective by not objecting to the sentence when the court based the sentence on facts neither found by a jury nor admitted by him. Because we find that the trial court did not commit any error, we disagree. Accordingly, we overrule all four of Braun's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} Braun's grandparents returned home during daylight hours to find Braun exiting their home. They observed Braun in possession of a bottle of water, a banana, and an ice cream bar. The grandfather found a broken basement window and brought criminal charges against Braun. Initially, the grandfather accused Braun of also stealing $1,000.00 but later recanted that accusation.
 {¶ 3} The Grand Jury indicted Braun for burglary, a felony of the fourth degree, in violation of R.C. 2911.12(A)(4). Eventually, Braun pled guilty as charged. The court ordered a pre-sentence investigation and later set the case for sentencing.
 {¶ 4} At the sentencing hearing, the trial court considered the general guidance factors in R.C. 2929.11 and R.C. 2929.12. The court imposed an eighteen-month maximum sentence after finding that the sentence was "reasonably calculated" to achieve the overriding purposes of felony sentencing, i.e., to protect the public from future crime and to punish Braun. Further, the court made specific findings on the record relating to the seriousness of Braun's conduct and the likelihood of his recidivism. *Page 3 
 {¶ 5} Braun appeals and raises the following four assignments of error: I. "The trial court committed manifest injustice in basing its sentence of imprisonment for a first time felony conviction on alleged prior felony drug convictions by Jeffrey Braun that do not exist in fact or law." II. "The trial court erred in failing to choose a sentence that fit the magnitude of the crime for a first-time felony plea of guilty." III. "The trial court erred in imposing a maximum sentence on a first-time felony plea of guilty. The sentence imposed was based on facts that were not found by a jury or admitted by Mr. Braun, in contravention of his rights guaranteed by the Sixth Amendment to the United States Constitution." And, IV. "Trial counsel's failures to object during the sentencing proceedings constituted deficient and prejudicial performance and deprived Mr. Braun of his right to the effective assistance of counsel."
 II. {¶ 6} In his first three assignments of error, Braun contends that the trial court erred when it sentenced him to a maximum, non-minimum prison term. For the reasons that follow, we disagree.
 {¶ 7} The trial court sentenced Braun after the Supreme Court of Ohio decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. TheFoster court held that the portions of Ohio's statutory sentencing scheme that required sentencing courts to make factual findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences are unconstitutional. Id. at paragraphs 1-6 of the syllabus. The Court severed those portions of the sentencing statutes, and retained the portions of the sentencing statutes that do not violate the constitution. Id. at ¶ 96. "Trial courts have *Page 4 
full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 8} While the Foster court declared that a sentencing court possesses full discretion in sentencing an offender, the court abrogated R.C. 2953.08(G), which defines the appellate court's role in sentencing, only "insofar as it applies to the severed sections" of Ohio's statutory sentencing scheme. Foster at ¶ 97-99. Thus, even after Foster, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." State v.Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, ¶ 15, citing R.C.2953.08(G); see, also, State v. Rhodes, Butler App. No. CA2005-10-426,2006-Ohio-2401.
 {¶ 9} Under this statutory standard, we neither substitute our judgment for that of the trial court nor simply defer to its discretion.State v. Mustard, Pike App. No. 04CA724, 2004-Ohio-4917, at ¶ 19, citingState v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806; State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11. Rather, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. See State v. Parrish, Montgomery App. No. 21206,2006-Ohio-4161, ¶ 62.
 {¶ 10} In sentencing a felony offender, the sentencing court must consider the general guidance factors contained in R.C. 2929.11 and R.C.2929.12. Foster at ¶ 42. *Page 5 
The court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender. R.C. 2929.11(A). It is within the court's discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C.2929.12(A). However, the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, and those set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. R.C. 2929.12(A). Additionally, the court may consider any other factor that it deems relevant to achieving the principles and purposes of sentencing. Id.
 {¶ 11} Our review of the record indicates that the trial court considered the statutory guidelines as required by R.C. 2929.11 and2929.12 when it sentenced Braun. The court indicated that it considered the principles and purposes of sentencing both at the hearing and in its sentencing entry. With regard to the seriousness of Braun's offense, the court noted at the hearing that "there was harm to the victim in this case. The relationship with the victim facilitated the offense. There's damage to a window and loss of food items. It was his gandparents." With regard to recidivism factors, the court noted that "there's a significant juvenile record, and there's a history of not responding in the past to sanctions for criminal convictions. There's juvenile probation and parole violations." The court found that its sentence was "reasonably calculated to achieve" the overriding purposes of felony sentencing. *Page 6 
 {¶ 12} However, Braun contends that the trial court made a specific reference in its sentencing entry to R.C. 2929.13(F)(5), which involves felony drug offenses, and thus, relied on this statute to sentence him. The state agrees that Braun has never had a drug offense conviction but argues that the reference to R.C. 2929.13(F)(5) in the sentencing entry is merely a clerical error.
 {¶ 13} The court, in its sentencing entry, stated, "Whereupon the Court has considered the record of this case, the oral statements made this day, and the pre-sentence report, as well as the principles and purposes of sentencing pursuant to Ohio Revised Code Sections 2929.11
through 2929.19, with specific reference to Ohio Revised Code section 2929.13(F)(5)[.]" The court then made specific findings involving the seriousness and recidivism factors.
 {¶ 14} A careful review of the record shows that neither the court nor the parties ever talked about drug convictions. As far as drugs in general, the court noted at the change of plea hearing that Braun would not require screening for alcohol or drug abuse. At the sentencing hearing, the court read Braun's lengthy juvenile record, which did not contain any drug offenses. Therefore, the record demonstrates that the court never considered any drug convictions when it imposed its sentence. Consequently, we agree with the state that the isolated reference to R.C. 2929.13(F)(5) in the sentencing entry is a clerical error.
 {¶ 15} Braun next contends that the eighteen-month prison term is excessive "where the accused had pled guilty to stealing small quantities of water, bananas, and ice cream from his grandfather[.]" *Page 7 
 {¶ 16} Here, the trial court imposed a sentence that was within the statutory limits. Before Braun entered his guilty plea, the court explained to him that the maximum sentence was eighteen months. The court properly considered the factors in R.C. 2929.11 and R.C. 2929.12. The court imposed a sentence "reasonably calculated" to achieve the two overriding purposes of felony sentencing. The court addressed the seriousness and recidivism factors. The record shows that this case involved more than stealing water, bananas, and ice cream. Braun entered the home after breaking a basement window. Braun also has an extensive juvenile record. Therefore, we find that Braun has not shown that his sentence is contrary to law.
 {¶ 17} Braun next contends that the trial court committed plain error when it sentenced him to a non-minimum, maximum prison term. The crux of his argument is that the trial court improperly sentenced him to more than the minimum term of imprisonment when it sentenced him in accordance with the Supreme Court of Ohio's decision in Foster. In short, Braun asserts that the sentencing statutes create a presumption in favor of minimum sentences for offenders who have not previously served a prison term, and that the court's holding in Foster violates the Due Process and Ex Post Facto Clauses of the United States Constitution by retroactively eliminating that presumption.
 {¶ 18} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although a defendant did not bring them to the attention of the trial court. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a *Page 8 
manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 19} In Foster, the Supreme Court of Ohio considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The court then held that the cases before it "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the Foster court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106.
 {¶ 20} In State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, this court considered and rejected a Due Process and Ex Post Facto challenge to a sentence imposed in accordance with the Supreme Court of Ohio's holding in Foster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that "it is unlikely *Page 9 
that the Ohio Supreme Court would have directed lower level courts to violate the Constitution and, in any event, [the district courts of appeal] are bound by Ohio Supreme Court directives." Id. at ¶ 8, citingState v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 21} In finding that the Supreme Court of Ohio's remedy inFoster does not violate the Due Process or Ex Post Facto clauses of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. Grimes at ¶ 9, citing with approvalMcGhee at ¶¶ 11 13-20. Because the range of prison terms for the defendant's offense remained the same both before and afterFoster, we concluded, "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Id at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Supreme Court of Ohio would strike down parts of R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11. Based upon our holding in Grimes, we find that the trial court did not err in imposing a non-minimum, maximum sentence for Braun's offense.
 {¶ 22} Therefore, we find that the trial court did not commit any error, let alone plain error, when it sentenced Braun. *Page 10 
 {¶ 23} Consequently, for the above stated reasons, we cannot clearly and convincingly find that the trial court failed to consider the statutory guidelines or that Braun's sentence is otherwise contrary to law.
 {¶ 24} Accordingly, we overrule Braun's first, second, and third assignments of error.
 III. {¶ 25} Braun contends in his fourth assignment of error that his trial counsel was ineffective when counsel failed to object to his sentence based on his Sixth Amendment argument contained in his third assignment of error. Braun assumes that we will sustain his third assignment of error because of plain error. However, we rejected Braun'sSixth Amendment argument and overruled his third assignment of error. Therefore, his trial counsel was not ineffective for failing to raise this argument in the trial court.
 {¶ 26} Accordingly, we overrule Braun's fourth assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 11