[Cite as *State v. McCaughey*, 2018-Ohio-3167.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106311**

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**MELINDA MCCAUGHEY**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-618146-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 9, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Gregory M. Paul
        Mary M. Frey
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Eric M. Levy
55 Public Square, Suite 1600
Cleveland, Ohio 44113
ON RECONSIDERATION[1]

---

[1] The original announcement of decision, *State v. McCaughey*, 8th Dist. Cuyahoga No. 106311, 2018-Ohio-2231, released June 7, 2018, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals the judgment of the trial court that granted defendant-appellee's motion for discharge for delay on speedy trial grounds. After a thorough review of the record and law, this court affirms.

## I.   Factual and Procedural History

{¶2} On May 16, 2016, defendant-appellee, Melinda McCaughey (hereinafter "appellee"), was arrested as a result of a traffic stop. Specifically, appellee was arrested for operating a vehicle under the influence of drugs and/or alcohol ("OVI"). During the traffic stop, appellee admitted to the arresting officer that she had cocaine in her bra, and appellee handed the narcotics to the officer. Appellee further stated to the arresting officer that the substance was cocaine.

{¶3} As a result of the traffic stop, a complaint was filed on May 21, 2016. Appellee was charged in Cleveland M.C. No. 2016 TRC 018792 with OVI and various minor traffic violations. On June 13, 2016, appellee entered a plea of no contest as to the OVI charge, and the state nolled the remaining minor traffic violations. Appellee was not charged at that time with regards to the cocaine.

{¶4} In September 2016, the state received the results of the laboratory testing on the substance that tested positive for cocaine. On June 15, 2017, appellee was indicted in Cuyahoga C.P. No. CR-17-618146-A, on one count of drug possession in violation of R.C. 2925.11.

{¶5} On July 18, 2017, appellee filed a motion for discharge based on Ohio's speedy trial statute R.C. 2945.73, and the state's failure to comply with Crim.R. 5(B). After a hearing, the trial court granted appellee's motion and dismissed the indictment with prejudice.

**{¶6}** The state brought the instant appeal challenging the trial court's granting of appellee's motion. The state assigns one error for our review:

I. The trial court erred when granting defendant's motion for discharge for delay in trial and failure to comply with Crim.R. 5(B) and dismissing this matter with prejudice.

## II. Law and Analysis

### A. Speedy Trial Violation

**{¶7}** In its sole assignment of error, the state claims the trial court erred in granting appellee's motion for discharge on speedy trial grounds. Specifically, the state argues that appellee's speedy trial rights were not violated because the state did not indict appellee on the drug possession count until after the state received the laboratory results. We find no merit to the state's arguments.

**{¶8}** Appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. *State v. Loder*, 8th Dist. Cuyahoga Nos. 93242 and 93865, 2010-Ohio-3085, ¶ 9, citing *State v. Easley* 4th Dist. Scioto No. 03CA2910, 2005-Ohio-767. Although we accord due deference to a trial court's findings of fact if supported by competent, credible evidence, we must determine independently if the trial court correctly applied the law to the facts of the case. *Id.* When reviewing the legal issues presented in a speedy trial claim, we are required to strictly construe the relevant statutes against the state. *Id.*, citing *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

**{¶9}** The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987). In *Barker*

*v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "the States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *."  To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with the *Barker* decision.

{¶10} Pursuant to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest."  Once the statutory limit has expired, the defendant has established a prima facie case for dismissal.  *State v. Howard*, 79 Ohio App.3d 705, 607 N.E.2d 1121 (8th Dist.1992).  The burden then shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72.  *State v. Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328 (6th Dist.1983).

{¶11} The Supreme Court of Ohio has noted that "'[w]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'"  *State v. Baker*, 78 Ohio St.3d 108, 111, 676 N.E.2d 883 (1997), quoting *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989).  However, "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment."  *Baker* at syllabus.

{¶12} "'The holding in *Baker* is disjunctive and specifically sets forth two scenarios, either of which will reset the speedy-trial timetable for charges arising from a subsequent indictment.'"  *State v. Mohamed*, 10th Dist. Franklin No. 08AP-960, 2009-Ohio-6658, ¶ 30, quoting *State v. Thomas*, 4th Dist. Adams No. 06CA825, 2007-Ohio-5340, ¶ 17.  "The key

questions that must be considered are whether the additional criminal charges arise from facts different from the original charges, and whether the state knew of these facts at the time of the initial charge." *State v. Robertson*, 8th Dist. Cuyahoga No. 93396, 2010-Ohio-2892, ¶ 18, citing *Baker*.

{¶13} In our review of the record, contrary to the state's argument, there were no additional facts found in September 2016 when the state received the laboratory results confirming the substance tested positive for cocaine. We note that this case is not similar to traffic stop cases in which laboratory drug testing results that were not known at the time of the original indictment have been deemed to constitute "additional facts" warranting the triggering of a new speedy trial clock. *See State v. Vasquez*, 10th Dist. Franklin No. 13AP-366, 2014-Ohio-224, ¶ 27-41; *State v. Brown*, 10th Dist. Franklin No. 12AP-292, 2012-Ohio-5903, ¶ 11-13; *see also Baker* (where subsequent charges resulted from the complex and time-consuming process of checking the defendant's financial records and the state could not have known if additional charges were appropriate until that process was completed).

{¶14} To the extent that the state argues that the instant case is similar to this court's decision in *State v. Wangul*, 8th Dist. Cuyahoga No. 79393, 2002 Ohio App. LEXIS 564 (Feb. 14, 2002), we disagree. In *Wangul,* the defendant was arrested on July 31, 2001, after officers had received a complaint that Wangul was growing marijuana plants in his backyard. Officers responded to Wangul's home and observed marijuana plants in his backyard. Officers then seized the marijuana plants and arrested Wangul on an unrelated outstanding felony arrest warrant for grand theft charges. At the time of the arrest, no charges were brought against Wangul regarding the marijuana plants.

{¶15} Officers thereafter sent the marijuana plants to the lab to be weighed in order to

determine the level of the offense with which to charge Wangul. After receiving the lab results, a subsequent indictment for cultivation of marijuana was filed against Wangul on December 12, 2001. Wangul was then arrested on these charges on January 9, 2002. This court noted that "[s]ince the subsequent indictment for cultivation of marijuana was not filed until after the marijuana was weighed and the charges determined, this indictment was based on new and additional facts which were not known at the time [Wangul] was arrested on the outstanding warrant for grand theft." *Wangul* at 6.

{¶16} We find the instant case to be distinguishable from *Wangul.* In *Wangul*, the weight of the marijuana was unknown when officers discovered the marijuana plants. The weight of the marijuana plants was necessary to determine whether Wangul would be charged with a misdemeanor or felony level offense. Therefore, the new and additional facts in *Wangul* was the actual weight of the marijuana — a fact that was not known at the time the officers seized the plants — not the lab results confirming that the suspected marijuana plants were indeed marijuana.

{¶17} In the instant case, appellee admitted the suspected drug was cocaine, and therefore, there were no new facts when the state received the lab results. Further, in *Wangul*, the subsequent indictment was wholly dependent upon the lab analysis as to the weight of the marijuana, which was not available to the state when officers discovered the marijuana plants. *See Mohamed*, 10th Dist. Franklin No. 08AP-960, 2009-Ohio-6658, at ¶ 42.

{¶18} The instant case is more similar to this court's ruling in *State v. Rutkowski,* 8th Dist. Cuyahoga No. 86289, 2006-Ohio-1087. In *Rutkowski*, the defendant's vehicle was searched after a traffic stop and the arresting officers discovered baggies of marijuana and a baggie of suspected ecstasy pills. Initially, the defendant was charged with the marijuana but

was not charged with regards to the suspected ecstasy pills.  The pills were sent for testing and tested positive for ecstasy.  Nearly one year after being charged in municipal court with the marijuana charges, the defendant was indicted for felony possession of drugs with regards to the ecstasy pills.  The defendant filed a motion to dismiss on speedy trial grounds arguing that the only new or additional facts the state can point to are the laboratory results indicating that the confiscated pills tested positive for ecstasy.  The trial court denied the motion to dismiss and defendant entered a plea of no contest to the charges set forth in the indictment and was found guilty and was sentenced.

{¶19} On appeal, we reversed the trial court's judgment and defendant's conviction.  We noted that:

> [n]o additional pieces of evidence were discovered by the police in regard to this case.  The pills that [the lab] confirmed positive for ecstasy were discovered by the police at the same time as the evidence used against [the defendant] in his first conviction. Furthermore, [the defendant] admitted to having ecstasy prior to his first conviction.  For some reason, however, the state did not secure [the lab report] until January 2004.  Even then, the state waited almost a year after receiving that information to bring a second indictment against appellant.  These facts do not arise to a level to allow appellant's speedy trial rights to be ignored, and any charges to be made pursuant to any suspected drugs confiscated on the day of appellant's arrest should have culminated in a speedy trial from the date of that arrest.

*Id.* at ¶ 26.

{¶20} In the instant case, our review of the record reflects that the subsequent drug possession charge arose from facts that related to the original charge and involved the same facts.  As in *Rutkowski,* these same facts were known at the time the OVI complaint was brought in municipal court in May 2016.  The state argues that appellee's speedy trial time started to run when the laboratory test results were returned to the state in September 2016.  The state further argues that only in September 2016 did the state become aware that the substance in appellee's

possession was in fact cocaine.   We find this argument to be unpersuasive.

**{¶21}** Furthermore, in *Rutkowski*, 8th Dist. Cuyahoga No. 86289, 2006-Ohio-1087, this court noted that the defendant stated at the municipal court level at some point "prior to his first conviction," that the pills were indeed ecstasy.   In the instant case, appellee stated to the actual arresting officer that the substance in her bra was cocaine.   Thus, these circumstances in the instant case are even more incurable than the circumstances we noted in *Rutkowski*.

**{¶22}** As we noted above, once the statutory limit has expired, the defendant has established a prima facie case for dismissal and the burden then shifts to the state to demonstrate that time was tolled in some fashion pursuant to R.C. 2945.72.   *Howard*, 79 Ohio App.3d 705, 607 N.E.2d 1121; *Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328.   The factors to consider in determining whether a trial's delay was reasonable include:   "'[l]ength of the delay, the reason for the delay, the defendant's assertion of [her] right, and prejudice to the defendant.'"   *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 38, quoting *Barker* at 530.   In our review, we note that these factors do not weigh in favor of the state.   The only justification for the delay was that the state did not receive confirmation that the substance was in fact cocaine until laboratory test results were obtained by the state in September 2016.   Seeking confirmation that the substance was cocaine, considering that the appellee stated to the arresting officer on the date of the arrest that the substance was in fact cocaine, does not allow the state to sit on felony charges for one year.   *See Rutkowski* at ¶ 28.   *See also State v. Cooney*, 124 Ohio App.3d 570, 573, 706 N.E.2d 854 (1st Dist.1997).   We find the length of the delay in this case to be unjustified.

### III.  Conclusion

**{¶23}** Accordingly, the speedy trial clock for the underlying charges herein did arise on appellee's arrest on May 16, 2016, and appellee's statutory speedy trial rights were violated.[2] We find the trial court did not err in dismissing the case on speedy trial grounds.   The state's sole assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR
`

---

[2] The state argued in its motion for reconsideration that this panel impermissibly concluded that appellee's statutory *and constitutional* speedy trial rights were violated.   Upon review of the record, appellee's motion to dismiss specifically articulated that her motion was based upon R.C. 2945.71 and not constitutional grounds.   *See generally State v. Martin*, 8th Dist. Cuyahoga No. 106038, 2018-Ohio-1843, ¶ 39-44 (explaining the difference between constitutional and statutory speedy trial rights).