DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Baxter Grimes, defendant below and appellant herein, pled guilty to burglary and received five years of imprisonment.
 {¶ 2} Appellant assigns the following error for review and determination:
 "THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM, MAXIMUM SENTENCE IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION."
 {¶ 3} On August 25, 2005, the Washington County Grand Jury returned an indictment charging appellant with (1) aggravated burglary in violation of R.C. 2911.11(A)(1); (2) assault in violation of R.C. 2903.13(A); and (3) attempted sexual imposition in violation of R.C.2907.06(A)(4)/2923.02(A). Subsequently, appellant reached an agreement with the prosecution to plead guilty to a reduced charge of burglary in exchange for the dismissal of the remaining counts. [1]
 {¶ 4} At the January 9, 2006 hearing, the trial court reviewed the plea agreement's terms, explained to appellant his various constitutional rights, accepted his plea and found him guilty. On March 2, 2006, the court sentenced appellant to serve five years of imprisonment. This appeal followed.
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred by imposing more than the minimum sentence allowable for a third degree felony. [2] In particular, he cites State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, wherein the Ohio Supreme Court found R.C. 2929.14 (B) (C) unconstitutional because they required judicial fact-finding before the imposition of a maximum sentence or any sentence greater than the minimum sentence. Id. at paragraph one of the syllabus; Id. at ¶¶ 56-64. The Court also severed those provisions from Ohio Revised Code and stated that trial courts can continue to impose sentences set forth in R.C. 2929.14(A), but no longer need to engage in judicial fact-finding. Id. at paragraph two of the syllabus.
 {¶ 6} Appellant argues by following the Supreme Court's guidelines, the trial court "effectively raise[d] the presumptive minimum sentence" in violation of the ex post facto clause of Article I, Section 10, United States Constitution, and the Due Process Clause of theFourteenth Amendment. We reject this argument.
 {¶ 7} First, Foster was decided on February 27, 2006. Appellant's sentencing hearing was conducted on March 2, 2006. Appellant should have raised this argument during the hearing so that the trial court could have addressed it. Failure to do so could be deemed to constitute a waiver of that issue on appeal. State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36,2005-Ohio-2574, at ¶ 48.
 {¶ 8} Assuming arguendo that the issue had been properly preserved for appeal, we are not persuaded that it has merit. We note that our colleagues in the Ninth and Second Districts have rejected this argument outright because it is unlikely that the Ohio Supreme Court would have directed lower level courts to violate the Constitution and, in any event, those courts and this Court are bound by Ohio Supreme Court directives. See State v. Hildreth, Lorain App. No. 06CA8879,2006-Ohio-5058, at ¶ 10; State v. Durbin, Greene App. No. 2005-CA-134,2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 9} Although we agree with those observations, we are even more persuaded by the Third District's reasoning in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶¶ 11 13-20. That Court rejected the same ex post facto arguments made here for the following reasons:
 "Article I, Section 10 of the United States Constitution provides that no state shall pass ex post facto laws. The ex post facto clause extends to four types of laws:
 `1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense, in order to convict the offender.'(Emphasis added). Rogers v. Tennessee (2001), 532 U.S. 451, 121 S.Ct.1693, 149 L.Ed.2d 697 (quoting Calder v. Bull (1798), 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (seriatum opinion of Chase, J.)).
 * * * Although the federal and state constitutions prohibit ex post facto legislation, similar restrictions have been placed on judicial opinions. In [Bouie v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894], the Supreme Court stated: `[i]ndeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law.' [Id.] at 353. Soon after Bouie, appellants began arguing that various judicial decisions violated the ex post facto clause. The Supreme Court later explained and clarified Bouie, stating that the holding was:
 'rooted firmly in well established notions of due process * * * It's rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct. * * * [W]e couched [ Bouie's ] holding squarely in terms of that established due process right, and not in terms of the ex post facto-related dicta to which petitioner points.' Rogers, at 459 (citations omitted). The court's message that Bouie is limited to issues of due process is clear. Likewise, the Ohio Supreme Court noted that '[a]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law' and can violate due process 'even though the constitutional prohibition against ex post facto laws is applicable only to legislative acts.' State v. Garner, 74 Ohio St.3d 49, 57, 1995-Ohio-168, 656 N.E.2d 623 (quoting Bouie, at 353) and (citing Marks v. United States (1997), 430 U.S. 188, 191-192, 97 S.Ct. 990, 51 L.Ed.2d 260). * * *
 "McGhee urges us to find Foster unconstitutional as [a] violation of the ex post facto clause. For the reasons that follow, we are unable to do so. Due process guarantees notice and a hearing. Since the right to a sentencing hearing has not been implicated by Foster, we are concerned only with the issue of warning as to potential sentences. Looking to the federal circuit courts for guidance, we have discerned three arguments the courts have employed in finding that applying [United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738]does not violate the ex post facto clause because there has been no due process violation.
 Most circuit courts have held that defendants were on notice as to statutory maximums, regardless of whether the federal sentencing guidelines were mandatory. United States v. Duncan (11th Cir.2005), 400 F.3d 1297. See also United States v. Pennavaria (3d Cir.2006), 445 F.3d 720; United States v. Davenport (4th Cir.2006), 445 F.3d 366; United States v. Alston-Graves (D.C. Cir.2006), 435 F.3d 331; United States v. Vaughn (2nd Cir.2005), 430 F.3d 518; United States v. Dupas (9th Cir.2005), 419 F.3d 916; and United States v. Jamison (7th Cir.2005), 416 F.3d 538. In Duncan, the court found the defendant committed a certain offense, knowing that the possible sentence was life imprisonment. Duncan, at 1307 (citing 21 U.S.C. 841(b)(1)(A)(ii)(I)). `The Guidelines at the time also informed Duncan that a judge would engage in fact-finding to determine his sentence and could impose up to a sentence of life imprisonment.' Id. (citing 18 U.S.C. 3551 et seq.). The court compared the appellant's argument to similar arguments previously made to and rejected by the United States Supreme Court. Id. at 1307-1308 (quoting Dobbert v. Florida (1977), 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (citing Chicot Cty. Drainage Dist. v. Baxter State Bank (1940), 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329)) (`the existence of the statute served as an ``operative fact'' to warn the petitioner of the penalty which Florida would seek to impose on him if he were convicted * * * This was sufficient compliance with the ex post facto provision of the United States Constitution').
 Likewise, prior to Foster, people who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. R.C. 2929.14(A). In this case, McGhee pled guilty to one count of engaging in corrupt activity, a first degree felony, for trafficking in drugs. The indictment alleged that McGhee engaged in this activity from January 2004 through March 2005. The first of McGhee's individual offenses were committed after Apprendi, but before Blakely; however, the last of McGhee's offenses were committed after Booker. The range of sentences available for a first degree felony remained unchanged during that time. McGhee clearly had notice that a first degree felony carried a potential penalty of three, four, five, six, seven, eight, nine, or ten years in prison. As in Duncan, McGhee knew the court would engage in judicial fact-finding in constructing a sentence within the statutory range. On this reasoning, we cannot find the protections of the due process clause implicated in this case.
 The Sixth Circuit Court of Appeals found that Booker did not implicate the ex post facto clause for several reasons. United States v. Barton (6th Cir.2006), 455 F.3d 649. First, the court held the remedy announced in Booker was not unexpected. Barton, at 653-654. The court noted that the appellant's offenses were committed after Blakely was decided '[t]hus, it would not have been a leap of logic to expect the Supreme Court to apply Blakely to the Guidelines in some manner.' Id. The court noted, 'defendant offers no argument as to why the remedy selected by the Supreme Court was unexpected.' Id. at 654. We find this rationale convincing. As stated above, the criminal activity began after Apprendi, but continued until after Booker, and McGhee has offered no explanation as to why the remedy applied in Booker and Foster was unexpected, especially in Ohio. The Ohio Supreme Court decided [State ex rel. Mason v. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644] on December 1, 2004, clearly disallowing trial courts from bifurcating the issues of guilt and sentencing in criminal jury trials. See Griffin, supra. While McGhee wishes to be charged with an intimate knowledge of the criminal sentencing statutes and the substantive case law that is beneficial to a defendant, we also impute knowledge to McGhee of the remedial cases, such as Griffin, Booker, and Foster . Again, we fail to see how the protections of due process are implicated.
 Second, the Sixth Circuit wrote, '[f]or this court to find that notice is a significant concern in this situation, it would have to find that a defendant would likely have changed his or her conduct because of a possible increase in jail time.' Barton, at 656. The court went on to write: 'it is difficult to see why a person who was intent on committing a bank robbery and who was presumably prepared to spend a lengthy period of time in prison if he or she was caught would be dissuaded by the prospect of a somewhat longer prison term. Notice concerns are, therefore, limited in this case.' Id. We find this reasoning persuasive as well, particularly on the facts of this case, where the defendant continued to commit criminal offenses for more than a year. With each offense, McGhee knew he would be subject to additional punishments if caught. McGhee contends he anticipated a prison sentence of up to nine years for engaging in a pattern of corrupt activity. However, as noted above, he was aware that the court could engage in judicial fact-finding and that the maximum sentence was ten years. Therefore, as the Sixth Circuit noted, notice concerns are limited in this case.
 Finally, several circuit courts have held that the United States Supreme Court would not order 'lower courts to engage in unconstitutional conduct.' Barton, supra at 659 (citing Pennavaria, supra; United States v. Wade (8th Cir.2006), 435 F.3d 829; United States v. Austin (5th Cir.2005), 432 F.3d 598; Vaughn, supra; United States v. Rines (10th Cir.2005), 419 F.3d 1104; Jamison, supra; Duncan, supra). * * *
 Because McGhee knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because McGhee was unlikely to amend his criminal behavior in light of a sentencing change, we cannot find the Ohio Supreme Court's holding in Foster violates federal notions of due process as established in Bouie and Rogers."
 {¶ 10} We agree with this reasoning. The range of prison terms for a third degree felony after Foster are the same as a third degree felony prior to Foster. Therefore, it is difficult to understand how appellant could maintain that an enlargement of the criminal statute has occurred, generally, or available punishments, in particular. Additionally, appellant has not attempted to explain how he would have acted differently had he known that parts of R.C. 2929.14 would be struck down.
 {¶ 11} For these reasons, we find no error in the trial court's decision to impose a maximum sentence and appellant's assignment of error is hereby overruled. Accordingly, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
[1] By amending count one of the indictment from aggravated burglary (R.C. 2911.11(A)(1)) to burglary (R.C. 2911.12(A)(3)), the severity of the offense was lessened from a first degree felony to a third degree felony. See R.C. 2911.11(B) and R.C. 2911.12(C).
[2] R.C. 2929.14(A)(3) states the minimum term of imprisonment for a third degree felony is one year. The maximum sentence is five years which is what the trial court imposed.