DECISION AND JUDGMENT ENTRY
{¶ 1} Wayne Green appeals the sentence imposed by the trial court for the offenses of trafficking in marijuana and possession of marijuana. First, Green contends that his sentence to maximum, consecutive prison terms is void because in imposing that sentence the trial court relied on R.C. 2929.14(C) and (E)(4), which the Supreme Court of Ohio declared unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We agree. The record reflects that the trial court relied on the unconstitutional sentencing provisions when it sentenced Green; thus, his sentences are void and we vacate them.
 {¶ 2} Next, Green contends that retroactive application of the severance remedy outlined in Foster violates the Ex Post Facto and Due Process Clauses of the *Page 2 
United States Constitution because it effectively increases the presumptive sentences that were in effect when defendant committed the crimes for which he was sentenced. Green urges us to exercise our discretion and modify his sentence to non-maximum, concurrent terms. Green waived this argument by failing to present it to the trial court. Moreover, the severance remedy in Foster does not violate ex post facto or due process concerns because the range of penalties remains unchanged. Green's contention is meritless.
 {¶ 3} Accordingly, we vacate Green's sentence, remand the matter for re-sentencing, and affirm the trial court's judgment in all other respects.
 I. Facts {¶ 4} In November 2005, a jury found defendant guilty of one count each of possession of marijuana and trafficking in marijuana, fifth-degree felonies, for offenses that defendant committed in 2003. The trial court held a sentencing hearing on April 18, 2006, after the Ohio Supreme Court issued its decision in Foster, supra, declaring various sentencing provisions void as unconstitutional. Id., paragraphs one through six of the syllabus.
 {¶ 5} In determining the length of the sentence that it would impose upon defendant, the trial court explicitly cited R.C. 2929.14(C), stating: "the longest term is only if one of the following applies under 2929.14(C) and the Court is going to find that the offender does pose the greatest likelihood of committing future offense."
 {¶ 6} Then, when considering whether to impose consecutive prison terms on defendant, the court found, in accordance with R.C.2929.14(E)(4), that "[c]onsecutive sentences are not required but are optional and if it is necessary to protect and punish *Page 3 
and it's not disproportionate and the Court finds that the harm or that the criminal history shows that consecutive terms are necessary to protect the public in this particular incident."
 {¶ 7} For each offense the court sentenced defendant to a 12-month prison term — the maximum prison term provided in R.C. 2929.14(A)(5) for a fifth-degree felony — and ordered him to serve the terms consecutively.
II. Assignments of Error
 {¶ 8} Defendant appeals his sentence, raising the following assignments of error:
 First Assignment of Error:
 The trial court erred when it applied unconstitutional statutory provisions and engaged in proscribed judicial fact-finding at sentencing.
 Second Assignment of Error:
 The trial court erred by imposing an illegal sentence that ignored the statutory presumptions in favor of non-maximum and concurrent terms of imprisonment that were in place when the instant offenses occurred.
 III. Application of R.C. 2929.14(C) and (E)(4) at Sentencing {¶ 9} In his first assignment of error, defendant contends the trial court erred at sentencing in applying statutory provisions the Ohio Supreme Court found unconstitutional in Foster. Defendant specifically argues that the trial court violated Foster by applying and engaging in judicial fact-finding under R.C. 2929.14(C) when it imposed the maximum, 12-month terms and under R.C. 2929.14(E)(4) when it imposed consecutive terms upon defendant for the fifth-degree felonies. *Page 4 
 {¶ 10} Prior to the trial court's sentencing of defendant in this case, the Ohio Supreme Court decided Foster, supra, and State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. In Foster, the Ohio Supreme Court found that several of Ohio's sentencing statutes, including R.C.2929.14(C) and (E)(4), were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Foster, paragraphs one, three, and five of the syllabus. Applying the remedy in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the Court severed the offending unconstitutional provisions from the statutes.Foster, at paragraphs two, four, and six of the syllabus, and ¶ 99. The Court directed that a defendant who was sentenced under the unconstitutional and now void statutory provisions must be re-sentenced.Foster, at ¶ ¶ 103-106.
 {¶ 11} In Mathis, the Court held that trial courts now have full discretion to impose a prison sentence within the basic statutory ranges of R.C. 2929.14(A) and they are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more-than-minimum sentences. Mathis, at paragraph three of the syllabus;Foster, at paragraph seven of the syllabus. The Court cautioned trial courts that in exercising discretion they must carefully consider R.C.2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.Foster, at ¶ ¶ 36-42; Mathis, at ¶ ¶ 37-38.
 {¶ 12} Here, the record reflects, and the state agrees, that the trial court applied R.C. 2929.14(C) and (E)(4) and engaged in prohibited judicial fact-finding when it imposed the maximum, consecutive sentences upon defendant. Because R.C. *Page 5 2929.14(C) and (E)(4) are unconstitutional and were excised by the Ohio Supreme Court in Foster, defendant's sentence is void and he must be re-sentenced. Id., at ¶ ¶ 103-106. Accordingly, we sustain defendant's first assignment of error. IV. {¶ 13} In his second assignment of error, defendant contends that the retroactive application of the Foster severance remedy to sentencing hearings for crimes that were committed before Foster was decided violates the Ex Post Facto and Due Process Clauses of the United States Constitution. Defendant asserts that under the sentencing statutes that were in effect at the time his crimes were committed in 2003, there was a presumption in favor of concurrent, non-maximum prison terms. Defendant urges us to exercise our discretion and sentence him to non-maximum, concurrent prison terms of 11 months or less for his offenses. R.C. 2929.14(A)(5) allows a 12-month maximum sentence for fifth-degree felonies.
 {¶ 14} Foster was decided on February 27, 2006, and defendant's sentencing hearing was conducted on April 18, 2006. Defendant could have raised this argument during the hearing so that the trial court could have addressed it. His failure to do so could be deemed to constitute a waiver of the issue on appeal. State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶ 7; State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 14.
 {¶ 15} Nevertheless, even if this issue is properly before us, we choose to follow our previous decision in Grimes, supra, which rejected similar arguments on the basis that the range of prison terms pre and post-Foster remains the same. See, also, State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899; State v. Moffo, Greene App. *Page 6 
No. 2005 CA 131, 2006-Ohio-5764, at ¶ 26. Accordingly, we overrule his second assignment of error.
 {¶ 16} Having sustained defendant's first assignment of error and overruled his second assignment of error, we vacate defendant's sentence as void and remand for re-sentencing. The trial court's judgment is affirmed in all other respects.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J: Concurs in Judgment and Opinion.
Kline, J: Concurs in Judgment and Opinion as to Assignment of Error I;
Concurs in Judgment Only as to Assignment of Error II.
 For the Court *Page 1