DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment. A jury found Geoffrey A. Davis, defendant below and appellant herein, guilty of felonious assault in violation of R.C. 2903.11(A)(1), and abduction in violation of R.C. 2905.02(A)(2). Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE ON MR. DAVIS IN VIOLATION OF *Page 2 
THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION."
 {¶ 2} On October 1, 2004, the Washington County Grand Jury returned an indictment charging appellant with the above-noted offenses following an incident in which he attacked his girlfriend breaking a rib and causing a potentially fatal "pneumothorax." The jury found appellant guilty on both counts and the trial court sentenced him to serve seven years in prison on the felonious assault charge and four years on the abduction charge, with both sentences to be served concurrently.
 {¶ 3} We affirmed appellant's conviction, but reversed and remanded for re-sentencing in light of State v. Foster, 109 Ohio St.3d 1, 845
N.E.2d 470, 2006-Ohio-856, which struck down as unconstitutional various portions of Ohio's felony sentencing law. See State v. Davis, Washington App. No. 05CA50, 2006-Ohio-3549, at ¶¶ 17-18. At appellant's re-sentencing hearing the trial court re-imposed the same two sentences. Once again, the court ordered them to be served concurrently. This appeal followed.
 {¶ 4} Appellant argues in his assignment of error that subsequent toFoster any sentence greater than the statutory minimum sentence violates his constitutional rights under the ex post facto clause of Article I, Section 10, of the United States Constitution and the Due Process Clause of the Fourteenth Amendment. We disagree.[1] *Page 3 
 {¶ 5} We have previously considered on several occasions the ex post facto argument appellant raises herein and we have rejected it each time. See e.g. State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Various other Ohio appellate courts have rejected it as well. See e.g. State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶21-23; State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10.
 {¶ 6} We find nothing in appellant's brief to prompt us to reconsider our conclusion and we continue to adhere to Henry and Grimes. For the reasons stated in those cases, we do not believe that the trial court was constitutionally required to impose a statutory minimum sentence on appellant following Foster.
 {¶ 7} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty *Page 4 
days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Harsha, J.: Concur in Judgment Opinion For the Court
BY: Peter B. Abele, Judge
[1] The re-sentencing hearing transcript reveals that appellant raised this argument and, thus, properly preserved the issue for appellate review. *Page 1