DECISION AND JUDGMENT ENTRY
{¶ 1} Terley L. Clagg, Jr. appeals his two felony sentences from the Washington County Common Pleas Court. Clagg contends that the trial court violated the Due Process and Ex Post Facto Clauses of our State and Federal Constitutions when it re-sentenced him pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Because we have previously resolved these issues, we disagree; and we also decline Clagg's invitation to revisit our decision in State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360. Clagg next contends that the trial court erred when it ordered full restitution instead of following its previous order. We agree and find that the trial court violated the "law of the case" doctrine and, therefore, committed plain error when it ordered full restitution. Accordingly, we overrule his first assignment of error, sustain his second *Page 2 
assignment of error, vacate the restitution order, and remand this cause to the trial court with the instruction to follow the "law of the case" and re-instate its previous order for restitution.
 I. {¶ 2} The trial court convicted Clagg of aggravated arson and theft after his guilty pleas and sentenced him to two non-minimum prison terms. Clagg received the maximum sentence for the aggravated arson offense. The two sentences ran consecutive. He appealed his sentences. However, he did not appeal the part of his sentences that involved restitution. He contended that Ohio's sentencing statutes that the trial court used to select his prison terms violated Blakely v.Washington (2004), 542 U.S. 296. We disagreed and affirmed. SeeState v. Clagg, Washington App. No. 04CA30, 2005-Ohio-4992.
 {¶ 3} Clagg appealed our decision. The Ohio Supreme Court reversed based on its recent decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. It remanded the case to the trial court for re-sentencing.
 {¶ 4} At the re-sentencing hearing, the court considered the sentencing statutes according to Foster and again gave the same prison sentences that it gave earlier. In addition, it reconsidered its prior restitution order and changed it, i.e., it ordered full restitution.
 {¶ 5} Clagg appeals, asserting the following assignments of error: I. "The trial court erred by sentencing Terley Clagg to non-minimum, maximum, and consecutive prison terms based on facts not found by the jury or admitted by Mr. Clagg, in *Page 3 
contravention of his rights guaranteed by the Sixth Amendment to the United States Constitution." II. "The trial court erred when it increased the financial sanction imposed on Mr. Clagg following his successful appeal. This error deprived Mr. Clagg of his right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution."
 II. {¶ 6} In his first assignment of error, Clagg contends that the trial court erred when it re-sentenced him to non-minimum, maximum, and consecutive prison terms. He claims that the court violated the Due Process and Ex Post Facto Clauses of our State and Federal Constitutions. The crux of Clagg's argument is that the sentencing statutes in effect at the time he committed his offenses created a presumption in favor of minimum, concurrent sentences for offenders who had not previously served a prison term, and that the Foster decision retroactively increased the presumptive sentences. Clagg admits that we have already decided this issue in Grimes, supra, but invites us to revisit our decision. In Grimes, we held that the Foster decision did not change the range of sentences.
 {¶ 7} Clagg did not raise his due process and ex post facto arguments in the trial court. Thus, he has waived all but plain error.
 {¶ 8} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although they were not brought to the attention of the trial court. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest *Page 4 
miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 9} In Foster the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, theFoster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106.
 {¶ 10} In State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, this court considered and rejected a due process and ex post facto challenge to a sentence imposed in accordance with the Ohio Supreme Court's holding in Foster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that it is unlikely that the Ohio *Page 5 
Supreme Court would have directed lower level courts to violate the Constitution; and, in any event, the district courts of appeal are bound by Ohio Supreme Court directives. Id. at ¶ 8, citing State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 11} In finding that the Ohio Supreme Court's remedy inFoster does not violate the Due Process or Ex Post Facto Clauses of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. Grimes at ¶ 9, citing with approvalMcGhee at ¶¶ 11 13-20. Because the range of prison terms for the defendant's offense remained the same both before and afterFoster, we concluded that "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Id at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Ohio Supreme Court would strike down parts of R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11.
 {¶ 12} Based upon our holding in Grimes, we find that the trial court did not err in imposing non-minimum, maximum, and consecutive sentences for Clagg's offenses. We do not accept Clagg's invitation to revisit these issues. Therefore, we do not find any error, let alone plain error.
 {¶ 13} Accordingly, we overrule Clagg's first assignment of error.
 III. *Page 6 {¶ 14} In his second assignment of error, Clagg contends that the trial court erred when it ordered him to pay full restitution without first determining his present and future ability to pay. Clagg maintains that he received the same prison terms when he was re-sentenced but that he received a greater sentence in regards to restitution. He asserts that he now has to make full restitution while the court earlier found that he did not have the ability to make full restitution.
 {¶ 15} Because Clagg did not raise this issue in the trial court, he has waived all but plain error. However, to resolve this issue, we must first determine the "law of the case." We will undertake a de novo review to answer this legal question.
 {¶ 16} The Ohio Supreme Court discussed the "law of the case" doctrine in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3: "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. (Cites omitted.) The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. (Cite omitted.) However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. (Cite omitted.)"
 {¶ 17} Here, neither the Ohio Supreme Court's nor this court's decision involved the restitution part of Clagg's sentence. Therefore, because no one appealed the trial court's original decision involving restitution, its original decision became the "law of the *Page 7 
case." For example, if the state thought that the prior restitution order was unjust, then it should have appealed the restitution part of the sentence.
 {¶ 18} Hence, we apply the doctrine of the "law of the case" as it relates to the court's restitution order because we find that a just result will occur with its application. We further find plain error, i.e., a manifest miscarriage of justice occurred when the trial court re-sentenced Clagg because it violated the "law of the case" as it relates to restitution.
 {¶ 19} Accordingly, we sustain Clagg's second assignment of error, reverse the trial court's judgment as it relates to restitution, vacate the part of the sentence that involves the restitution order, and remand this cause to the trial court with the instruction to follow the "law of the case" and re-instate its previous order for restitution.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, SENTENCE VACATED IN PART,AND CAUSE REMANDED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, THE SENTENCE VACATED IN PART (restitution order only) and this cause remanded to the trial court with the instruction to follow the "law of the case" and reinstate its previous order for restitution, and Appellant and Appellee evenly split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1