DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment. Appellant, Jerry Johnson, pled guilty to two fourth degree felony offenses. Appellant assigns the following error for our review:
 {¶ 2} I. "THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 3} On April 9, 2004, Appellant pled guilty to two fourth degree felony drug offenses. On May 12, 2004, the trial court sentenced Appellant *Page 2 
to seventeen month terms of imprisonment on each count, to be served consecutively, for a total of thirty-four months. This court affirmed Appellant's sentences in his original appeal of this matter; however, we remanded the matter for correction of a clerical error pursuant to CrimR. 36. Subsequently, Appellant appealed our decision to the Supreme Court of Ohio and on May 3, 2006, the Supreme Court reversed this Court's judgment and remanded the case for re-sentencing pursuant to its holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. At Appellant's re-sentencing hearing, held on August 10, 2006, the trial court re-imposed the same two sentences, again ordering that they be served consecutively.
 {¶ 4} Appellant contends in his sole assignment of error that the sentence imposed by the trial court at the re-sentencing hearing was an illegal sentence, arguing that the severance remedy adopted inFoster operates as an ex post facto law. In support of his contention, Appellant argues that the severance remedy set forth in Foster differs from the severance remedy contained in Unites States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738. Appellant also argues that the severance remedy set forth in Foster was unforeseeable and indefensible in light of the law expressed before Foster. He claims that when the acts that led to his *Page 3 
conviction occurred, he could not have foreseen that the Supreme Court of Ohio "would sever the portions of Senate Bill 2 that replaced a trial court's `guided discretion' with unfettered, unreviewable discretion'."
 {¶ 5} Appellant, in his reply brief, concedes to the State's observation that this Court, as well as other Ohio appellate districts have rejected such due process and ex post facto arguments. Nevertheless, Appellant now asks this Court to revisit our decision inState v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, arguing that our reasoning was based on the incorrect premise that the statutory maximums are the same after Foster as they were prior toFoster. We decline Appellant's request.[1]
 {¶ 6} As previously noted, this Court has considered and rejected the same ex post facto argument on several occasions. See, State v.Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942; State v. Grimes, supra;State v. Davis, Washington App. No. 06CA39, 2007-Ohio-1281; State v.Edwards, Adams App. No. 06CA830, 2007-Ohio-1516; State v. Ward, Washington App. No. 06CA35, 2007-Ohio-1607. Other Ohio appellate districts have rejected this argument as well. See, State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715; State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504; State v. Shield, Shelby App. No. 9-06-16, *Page 4 2007-Ohio-462; State v. Hildreth, Lorain App. No. 06CA8879,2006-Ohio-5058.
 {¶ 7} We find nothing in Appellant's brief that persuades us to revisit our prior conclusions on this issue. Rather, we continue to adhere to our reasoning in Henry and Grimes, as well as our reasoning in the line of cases since Henry and Grimes. Thus, we conclude that the trial court did not impose an illegal sentence on Appellant. Accordingly, we overrule Appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Kline, J.: Concur in Judgment and Opinion.
[1] The re-sentencing hearing transcript reveals that Appellant raised this argument, properly preserving the issue for appellate review. *Page 1