DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony Riggins appeals his sentences for two counts of assault from the Scioto County Common Pleas Court. On appeal, Riggins contends that the trial court erred when it followed State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and imposed non-minimum, consecutive sentences. Because we find that the sentences do not violate the Sixth andFourteenth Amendments or the Due Process and Ex Post Facto Clauses of the United States Constitution, we disagree. Riggins further contends that his sentences violate the rule against lenity. BecauseFoster severed the portions of the sentencing statutes that violated theSixth Amendment, and because there is no ambiguity in or conflict between statutes, we find that the rule of lenity has no application here. Accordingly, we affirm the judgment of the trial court. *Page 2 
 I. {¶ 2} A jury found Riggins guilty of two counts of assault, in violation of R.C. 2903.13, felonies of the fifth degree. The trial court conducted a sentencing hearing in accordance with R .C. 2929.19 and sentenced Riggins to a prison term of eleven months on each count. The court ordered the sentences served consecutively, for a total of twenty-two months. Riggins appealed. This court, following the recentFoster decision, vacated the sentences and remanded this cause to the trial court for re-sentencing. On remand, the trial court imposed the same sentences.
 {¶ 3} Riggins now appeals the trial court's most recent sentence, asserting the following four assignments of error: I. "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE STATUTORY MAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED." II. "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION *Page 3 
RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST DEFENDANT KERNS, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED." III. "THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER
(2006), 109 OHIO ST.3D 1, BECAUSE THE HOLDING OF FOSTER IS INVALID UNDERROGERS V. TENNESSEE (2001), 532 U .S. 451." And, IV. "THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES, AND THE RULING OF THE COURT OF COMMON PLEAS TO THE CONTRARY MUST BE REVERSED."
 II. {¶ 4} In his first, second, and third assignments of error, Riggins contends that the trial court improperly sentenced him to more than the minimum term of imprisonment when it re-sentenced him, on remand, in accordance with the Ohio Supreme Court's decision in Foster. He claims that his sentences violate the Sixth and Fourteenth Amendments to the United States Constitution. In addition, Riggins maintains that the sentencing statutes in effect at the time he committed his offense, create a presumption in favor of minimum sentences, and that the Court's holding in Foster violates the Due *Page 4 
Process and Ex Post Facto Clauses of the United States Constitution by retroactively eliminating that presumption.
 {¶ 5} In Foster, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, theFoster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106.
 {¶ 6} In State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, this court considered and rejected a Due Process and Ex Post Facto challenge to a sentence imposed in accordance with the Ohio Supreme Court's holding in Foster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that "it is unlikely that the Ohio *Page 5 
Supreme Court would have directed lower level courts to violate the Constitution and, in any event, [the district courts of appeal] are bound by Ohio Supreme Court directives." Id. at ¶ 8, citing State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 7} In finding that the Ohio Supreme Court's remedy inFoster does not violate the Ex Post Facto or Due Process clauses of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. Grimes at ¶ 9, citing with approvalMcGhee at ¶¶ 11 13-20. Because the range of prison terms for the defendant's offense remained the same both before and afterFoster, we concluded that "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Id at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Ohio Supreme Court would strike down parts of R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11. Based upon our holding in Grimes, we find that the trial court did not err in imposing a sentence greater than the minimum sentence for Riggins' two offenses.
 {¶ 8} Accordingly, we overrule Riggins' first, second, and third assignments of error.
 III. *Page 6 {¶ 9} Riggins contends in his fourth assignment of error thatFoster's retroactive application of the excised sentencing statutes violates Ohio's rule of lenity. The rule is codified in R.C. 2901.04(A). The statute provides that "[s]ections of the Revised Code defining * * * penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). Riggins asserts that his greater than minimum sentences violate the spirit and intent of the lenity rule. We disagree.
 {¶ 10} The Ohio Supreme Court has recognized that "this `rule of lenity' applies only where there is ambiguity in or conflict between * * * statutes." State v. Arnold (1991), 61 Ohio St.3d 175, 178. See, also,United States v. Johnson (2000), 529 U.S. 53, 59 ("[a]bsent ambiguity, the rule of lenity is not applicable to guide statutory interpretation"). Because Foster severed the portions of the sentencing statutes, which violated the Sixth Amendment, and because there is no ambiguity in or conflict between statutes, the rule of lenity has no application here. See, State v. Coleman, Sandusky App. No. S-06-023,2007-Ohio-448 at ¶ 23, citing State v. Moore, Allen App. No. 1-06-51,2006-Ohio-6860 at ¶ 12.
 {¶ 11} Accordingly, we overrule Riggins' fourth assignment of error.
 IV. {¶ 12} In conclusion, we overrule all four of Riggins' assignments of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1