DECISION AND JUDGMENT ENTRY
{¶ 1} Wesley Miller appeals his sixteen-year prison sentence from the Washington County Common Pleas Court. On appeal, Miller contends that his sentence violates the Due Process and Ex Post Facto Clauses of the United States Constitution. Because of our holding in State v.Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, we disagree. Miller next contends that the trial court erred when it failed to give him pretrial jail-time credit. The court gave Miller pretrial jail-time credit in a separate case but not this one. Because the record indicates that Miller spent time in jail for the offenses in this case, we agree. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court. We vacate the part of the judgment involving the pretrial jail-time credit and remand this cause to the trial court so that it can re-calculate the jail-time credit. *Page 2 
 I. {¶ 2} Miller pled guilty to three counts of breaking and entering, two counts of burglary, one count of receiving stolen property, and one count of conspiring to engage in a pattern of corrupt activity. The court imposed a sixteen-year prison term. The court ordered that the sentence run concurrent to a sentence in another case.
 {¶ 3} The court did not credit Miller with any pretrial jail-time credit. It stated, "Now, you — are not entitled to any credit for time served, because you've been incarcerated on the other felony charges during this period of time, but you are entitled to any credit for time you remain in the county jail, pending transportation to be returned to the institution."
 {¶ 4} Miller appeals his sentence and asserts the following two assignments of error: I. "The trial court erred by failing to give Mr. Miller jail-time credit for time served arising out of the offenses for which he was convicted in this case." And, II. "The trial court erred by imposing a non-minimum concurrent prison terms in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution."
 II. {¶ 5} We address Miller's assignments of error out of order. Miller contends in his second assignment of error that the trial court erred when it sentenced him to non-minimum prison terms. He claims that the court violated the Due Process and Ex Post Facto Clauses of our State and Federal Constitutions. The crux of Miller's argument is that the trial court should have interpreted the sentencing statutes to create a presumption in favor of minimum, concurrent sentences for offenders in his situation, *Page 3 
and that State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which followed Blakely v. Washington (2004), 542 U.S. 296, retroactively increased the presumptive sentences. Miller admits that we have already decided this issue in Grimes, supra, but apparently invites us to revisit our decision. In Grimes, we held that the Foster decision did not change the range of sentences.
 {¶ 6} Miller did not raise his due process and ex post facto arguments in the trial court. Miller received his sentence after Blakely, supra, which was decided on June 24, 2004. Thus, he has forfeited all but plain error. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 31 ("we hold that a lack of an objection in the trial court forfeits theBlakely issue for purposes of appeal when the sentencing occurred after the announcement of Blakely.").
 {¶ 7} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although they were not brought to the attention of the court. The Supreme Court of Ohio has found that "[b]y its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." State v. Barnes (2002), 94 Ohio St.3d 21, 27, 2002-Ohio-68. See Payne, supra. First, an error must exist. Id., citing State v.Hill (2001), 92 Ohio St.3d 191, 200, citing United States v. Olano
(1993), 507 U.S. 725, 732 (interpreting Crim.R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain, obvious, or clear. Id. (Citations omitted.) Third, the error must affect "substantial rights," which the court has interpreted to mean "but for the error, the outcome of the trial clearly would have been otherwise." Id. citing Hill at 205; State v. *Page 4 Moreland (1990), 50 Ohio St.3d 58, 62; State v. Long (1978),53 Ohio St.2d 91, paragraph two of the syllabus.
 {¶ 8} "The burden of demonstrating plain error is on the party asserting it. (Cite omitted.) A reversal is warranted if the party can prove that the outcome `would have been different absent the error.'" (Cite omitted.) Payne at ¶ 17. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, supra, at paragraph three of the syllabus.
 {¶ 9} In Foster the Supreme Court of Ohio considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, theFoster Court only applied its *Page 5 
holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106.
 {¶ 10} In Grimes, this court considered and rejected a due process and ex post facto challenge to a sentence imposed in accordance with the Supreme Court of Ohio's holding in Foster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that it is unlikely that the Supreme Court of Ohio would have directed lower level courts to violate the Constitution; and, in any event, the district courts of appeal are bound by the Supreme Court of Ohio directives.Id. at ¶ 8, citing State v. Hildreth, Lorain App. No. 06CA8879,2006-Ohio-5058, at ¶ 10; State v. Durbin, Greene App. No. 2005-CA-134,2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 11} In finding that the Supreme Court of Ohio's remedy inFoster does not violate the Due Process or Ex Post Facto Clauses of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. Grimes at ¶ 9, citing with approvalMcGhee at ¶¶ 11 13-20. Because the range of prison terms for the defendant's offense remained the same both before and afterFoster, we concluded, "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Id at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Supreme Court of Ohio would strike down parts of *Page 6 
R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11.
 {¶ 12} Based upon our holding in Grimes (and numerous decisions following Grimes), we find that the trial court did not err in imposing non-minimum sentences for Miller's offenses. We do not accept Miller's implied invitation to revisit these issues. Therefore, we do not find any error, let alone plain error.
 {¶ 13} Accordingly, we overrule Miller's second assignment of error.
 III. {¶ 14} Miller contends in his first assignment of error that the trial court erred when it failed to give him jail-time credit. Miller claims that the court gave him jail-time credit in another case but should have given him jail-time credit in this case. Miller did not raise his jail-time credit argument in the trial court. Thus, he has forfeited all but plain error.
 {¶ 15} R.C. 2967.191 provides that the Adult Parole Authority (hereinafter "APA") must reduce a prisoner's sentence "by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced." (Emphasis added.) However, R.C. 2967.191 merely directs the APA to implement time credit based on the trial court's determination. State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567. The trial court must determine the number of days by which the prisoner's sentence should be reduced. Id. See Ohio Adm. Code 5120-2-04(B).
 {¶ 16} Here, the record supports Miller's contention. It appears that the trial court inadvertently confused the two cases. Miller was out on bond when he committed the *Page 7 
other offenses. The state brought a motion to increase bond in this case before it sought formal charges in the other case.
 {¶ 17} Specifically, the state asked the court to increase the bond because of a theft that occurred in West Virginia. Thus, Miller would not have spent time in the Washington County jail for that offense. In addition, while the motion was pending, the state indicated that Miller possibly committed another burglary in Washington County. The state told the court, "We do not even want to give the Court the impression that we've got enough evidence to go back and seek an indictment for that act." The court granted the state's motion and increased the bond. Officers immediately took Miller into custody. The record does not show that Miller ever made his increased bond.
 {¶ 18} Therefore, based on this record, competent, credible evidence demonstrates that Miller spent pretrial time in jail on these charges because the other charges, involving the burglary, were not yet pending. Further, we find that this error does prejudice Miller because it affects the outcome of his total sentence.
 {¶ 19} Ohio Adm. Code 5120-2-04(F) provides: "If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall independently reduce each sentence or stated prison term for the No. of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail-time credit."
 {¶ 20} In this case, if the trial court would credit Miller with pretrial jail-time, then the credit would reduce his sixteen-year prison term accordingly. The fact that the court *Page 8 
gave the credit in the other case does not help Miller. The reduction in the five-year prison term does not reduce his total prison time for both cases because of the concurrent sixteen-year prison term. Hence, we find plain error.
 {¶ 21} Accordingly, we sustain Miller's first assignment of error and remand this cause to the trial court for the limited purpose of calculating Miller's jail-time credit.
 IV. {¶ 22} In conclusion, we overrule Miller's second assignment of error. We sustain Miller's first assignment of error and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED, IN PART, REVERSED, IN PART, AND CAUSEREMANDED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, IN PART, REVERSED, IN PART, and THIS CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion and Appellant and Appellee equally share in the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion. *Page 1